IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) No.    16-cv-02102 |
| v. | ) |
| | ) |
| LT. JOY HENRY, in her individual capacity; and UNKNOWN OFFICERS AND EMPLOYEES OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, in their individual capacities, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) **Jury Trial Demanded.** |

## COMPLAINT

**NOW COMES** Plaintiff, ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, deceased, by and through one her attorneys, VICTOR P. HENDERSON, and complains of Defendants, LT. JOY HENRY, in her individual capacity, and UNKNOWN OFFICERS AND EMPLOYEES OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, in their individual capacities, as follows:

### NATURE OF CASE

This is an action for monetary damages brought pursuant to 42 U.S.C. §1983.

## PARTIES

1. Rosa Maria Carrillo ("Mrs. Carrillo") is the Independent Administrator of the Estate of Fabian Cesar Carrillo, deceased (*See,* Order Appointing Independent Administrator, attached as Exhibit A).

2. At all relevant times, Fabian Cesar Carrillo ("Carrillo") was an inmate in the Illinois Department of Corrections, specifically, at the Pontiac Correctional Center in Pontiac, Illinois.

3. At all relevant times, Defendant LT. JOY HENRY ("Henry") served as a correctional lieutenant and acted under the color of law and in the course and scope of her employment with the Illinois Department of Corrections at the Pontiac Correctional Center.

4. Defendants UNKNOWN OFFICERS AND EMPLOYEES OF THE PONTIAC CORRECTIONAL CENTER/ILLINOIS DEPARTMENT OF CORRECTIONS ("Unknown Officers") served as correctional officers and/or employees and acted under the color of law and in the course and scope of their employment with the Illinois Department of Corrections at the Pontiac Correctional Center.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts herein claims that arise under the Constitution and laws of the United States.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Central District of Illinois.

**FACTS**

7. Upon information and belief, on or about October 27, 2014, Michael Bragg ("Bragg"), an inmate at Pontiac Correctional Center ("Pontiac"), confronted Henry in the cafeteria about his cellmate being transferred out of the cell they shared.

8. Bragg told Henry that he would kill the next inmate who was placed into *his* cell.

9. Other Unknown Correctional Officers heard this threat.

10. Other inmates heard this threat.

11. Upon information and belief, Henry found this threat to be credible.

12. Prior to this threat, Bragg had convictions for, among other things, aggravated criminal sexual assault, aggravated battery, and possession of a weapon in a penal institution.

13. Henry and the other Unknown Officers then willfully, wantonly, and with reckless disregard for Carrillo's safety, placed Carrillo into the cell with Bragg.

14. About six weeks later, on or about December 16, 2014, Bragg murdered Carrillo in their cell by tying him up, beating him about the head, and strangling him with an electrical cord.

15. Bragg was charged with the first degree murder of Carrillo in Case No. 2015CF135 in Livingston County.

16.     On or about March 28, 2016, Bragg pled guilty to first degree murder and was sentenced to sixty years in the Illinois Department of Corrections.

## COUNT I
## §1983 DELIBERATE INDIFFERENCE – FAILURE TO PROTECT

17.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

18.     As described in the preceding paragraphs, on December 16, 2014, Bragg brutally murdered Carrillo in the cell they were forced to share at Pontiac.

19.     Defendants Henry and Unknown Officers knew that Carrillo was at risk of being harmed by being placed in the cell with Bragg, because Bragg openly threatened that he would kill his next cellmate.

20.     Defendants Henry and Unknown Officers were deliberately indifferent to the substantial risk that Bragg would attack, or even murder, Carrillo.

21.     As a result of Defendants' conduct, Carrillo suffered injuries including, but not limited to, contusions and lacerations to his head, face, knees, and death by strangulation.

22.     Defendants acted under color of law.

**WHEREFORE**, Plaintiff prays that this Court:

A.      Enter judgment in favor of the Plaintiff and against all defendants.

B.      Award compensatory damages in an amount in excess of $75,000.

C.      Award punitive damages in favor of Plaintiff and against all defendants.

D.  Award attorneys' fees and costs in favor of Plaintiff and against all defendants.

E.  Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:**   April 11, 2016

Respectfully Submitted,

/s/ Victor P. Henderson
Attorney For Plaintiff

Victor P. Henderson
**HENDERSON PARKS, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901