IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) No.   16-cv-02102 |
| v. | )<br>) |
| LT. JOY HENRY, in her individual capacity; WARDEN RANDY PFISTER, in his individual capacity; LT. KELLY DAVIDSON, in her individual capacity; LT. KRISTA SKEENS, in her individual capacity; TERESA ARROYO, R.N., in her individual capacity; JIM GARLICK, PSY.D., in his individual capacity; GUY D. PIERCE, JR., in his individual capacity; and LT. ALAN WINEMILLER, in his individual capacity; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) **Jury Trial Demanded.** |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff, ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, deceased, by and through one her attorneys, VICTOR P. HENDERSON, and complains of Defendants: LT. JOY HENRY, in her individual capacity; WARDEN RANDY PFISTER, in his individual capacity; LT. KELLY DAVIDSON, in her individual capacity; LT. KRISTA SKEENS, in her individual capacity; TERESA ARROYO, R.N., in her individual capacity; JIM GARLICK, PSY.D., in his individual capacity; GUY D. PIERCE, JR., in his individual capacity; and LT. ALAN WINEMILLER, in his individual capacity; as follows:

1

## NATURE OF CASE

This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

## PARTIES

1. Rosa Maria Carrillo ("Mrs. Carrillo") is the Independent Administrator of the Estate of Fabian Cesar Carrillo, deceased (*See,* Order Appointing Independent Administrator, attached as Exhibit A).

2. At all relevant times, Fabian Cesar Carrillo ("Carrillo") was an inmate in the Illinois Department of Corrections ("IDOC"), specifically, at the Pontiac Correctional Center in Pontiac, Illinois.

3. At all relevant times, Defendant LT. JOY HENRY ("Henry") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

4. At all relevant times, Defendant WARDEN RANDY PFISTER ("Pfister") served as acting warden of Pontiac Correctional Center and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

5. At all relevant times, Defendant LT. KELLY DAVIDSON ("Davidson") served as a correctional lieutenant and as an employee of the IDOC at the Pontiac Correctional Center.

6. At all relevant times, Defendant LT. KRISTA SKEENS ("Skeens") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

2

7. At all relevant times, Defendant TERESA ARROYO, R.N. ("Arroyo") served as a registered nurse and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

8. At all relevant times, Defendant JIM GARLICK, PSY.D ("Garlick") acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

9. At all relevant times, Defendant GUY D. PIERCE, JR ("Pierce") acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

10. At all relevant times, Defendant LT. ALAN WINEMILLER ("Winemiller") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts herein claims that arise under the Constitution and laws of the United States and other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Central District of Illinois.

## **FACTS**

13. Upon information and belief, on or about October 27, 2014, Michael Bragg ("Bragg"), an inmate at Pontiac Correctional Center ("Pontiac"), confronted Henry in the cafeteria about his then cellmate being transferred out of their cell.

14. Bragg told Henry that he would kill the next inmate who was placed into *his* cell.

15. Other correctional officers heard this threat.

16. Other inmates heard this threat.

17. Henry understood this threat to be credible.

18. Prior to this threat, Bragg had convictions for, among other things, aggravated criminal sexual assault, aggravated battery, and possession of a weapon in a penal institution.

19. Bragg had also previously been disciplined for attacking other inmates.

20. Henry reported Bragg for making this threat.

21. On or about October 31, 2014, Bragg received a disciplinary hearing for making this threat.

22. Bragg pled guilty to making the threat.

23. Bragg was sentenced to be housed in Segregation for two months.

24. Skeens, Arroyo, Garlick, and Pierce assessed Bragg to determine whether he should be placed in a Segregation cell alone or with a cellmate.

25. Pursuant to IDOC policy, this assessment included, or was supposed to include, considerations of the reason for being placed in Segregation, prior history of violence will cellmates, and prior IDOC discipline.

26. Skeens, Arroyo, Garlick, and Pierce willfully, wantonly, and with reckless disregard for inmate safety, recommended that Bragg be housed with a cellmate in Segregation.

27. Pfister willfully, wantonly, and with reckless disregard for inmate safety, approved Bragg's recommendation to be housed with a cellmate in Segregation.

28. On or about December 1, 2014, Davidson willfully, wantonly, and with reckless disregard for Carrillo's safety, approved that Bragg be placed in a Segregation cell with Carrillo.

29. On or about December 5, 2014, Winemiller willfully, wantonly, and with reckless disregard for Carrillo's safety, approved keeping Bragg and Carrillo in a Segregation cell together.

30. Upon information and belief, Henry willfully, wantonly, and with reckless disregard for Carrillo's safety, failed to object to Bragg and Carrillo being placed in a cell together.

31. Carrillo was Bragg's first assigned cellmate after Bragg threatened to murder whomever was placed into *his* cell.

32. About two weeks later, on or about December 16, 2014, Bragg brutally murdered Carrillo in their cell by tying him up, beating him about the head, and strangling him with an electrical cord.

33. Bragg was charged with the first degree murder of Carrillo in Case No. 2015-CF-135 in Livingston County.

34. On or about March 28, 2016, Bragg pled guilty to first degree murder and was sentenced to sixty years in the Illinois Department of Corrections.

## COUNT I
## §1983 DELIBERATE INDIFFERENCE – FAILURE TO PROTECT
### (All defendants)

35. Each of the foregoing paragraphs is incorporated as if restated fully herein.

36. As described in the preceding paragraphs, on December 16, 2014, Bragg brutally murdered Carrillo in the cell they shared at Pontiac.

37. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller knew that Carrillo was at risk of being harmed by being placed in the cell with Bragg because Bragg openly threatened that he would kill his next cellmate.

38. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller were deliberately indifferent to the substantial risk that Bragg would attack, or even murder, Carrillo.

39. As a result of Defendants' conduct, Carrillo suffered injuries including, but not limited to, contusions and lacerations to his head, face, knees, and death by strangulation.

40. Defendants acted under color of law.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II
## SURVIVAL ACTION
### (All defendants)

41. Each of the foregoing paragraphs is incorporated as if restated fully herein.

42. At all relevant times in Illinois there existed a Survival Act, statutorily set forth at 755 ILCS 5/27-6, *et seq.*

7

43. As a direct and proximate result of Defendants' misconduct, Mr. Carrillo suffered injuries of a personal and pecuniary nature including, but not limited to, conscious pain and suffering, and would have been entitled to receive compensation from Defendants had he survived.

44. Further, Mr. Carrillo's estate was diminished by virtue of the funeral expenses incurred.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award attorneys' fees and costs in favor of Plaintiff and against all defendants.

D. Award such other relief as the Court deems just and equitable.

## COUNT II
## WRONGFUL DEATH
### (All defendants)

45. Each of the foregoing paragraphs is incorporated as if restated fully herein.

46. At all relevant times in Illinois there existed a Wrongful Death Act, statutorily set forth at 740 ILCS 180/0.01, *et seq*.

47. At all relevant times, as employees of the IDOC and Pontiac Correctional Center, Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller had a duty to protect inmates in their custody and care.

48. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller willfully, wantonly, recklessly, and/or intentionally disregarded Carrillo's safety by allowing him to be placed in a cell with Bragg.

49. Carrillo's placement in a cell with Bragg was the direct and proximate cause of Carrillo's death at the hands of Bragg.

50. As a direct and proximate result of Carrillo's death, his next of kin have suffered great losses of a personal and pecuniary nature including the loss of companionship and society, as well as grief, sorrow, and mental suffering, subjecting Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller to liability pursuant to the Wrongful Death Act.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award attorneys' fees and costs in favor of Plaintiff and against all defendants.

D. Award such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

                                              Respectfully Submitted,

                                              /s/ Victor P. Henderson
                                              Attorney For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901