IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) | No. 2:16-cv-02102-CSB |
| vs. | ) ) ) | JURY DEMAND |
| JOY HENRY, *et al.*, | ) ) | |
| Defendants. | ) | |

## DEFENDANT KELLY DAVIDSON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, KELLY DAVIDSON, by and through her attorney Lisa Madigan, Attorney General of the State of Illinois, and answering the Amended Complaint [18] of Plaintiff ROSA MARIA CARRILLO as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased, states the following:

This is an action for monetary damages brought pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois.

ANSWER: Defendant Davidson admits the allegations of this Paragraph of Plaintiff's Amended Complaint.

1. Rosa Maria Carrillo ("Mrs. Carrillo") is the Independent Administrator of the Estate of Fabian Cesar Carrillo, deceased (See, Order Appointing Independent Administrator, attached as Exhibit A).

ANSWER: Defendant Davidson admits the allegations of Paragraph 1 of Plaintiff's Amended Complaint.

2. At all relevant times, Fabian Cesar Carrillo ("Carrillo") was an inmate in the Illinois Department of Corrections ("IDOC"), specifically, at the Pontiac Correctional Center in Pontiac, Illinois.

ANSWER: Defendant Davidson admits the allegations of Paragraph 2 of Plaintiff's Amended Complaint.

3. At all relevant times, Defendant LT. JOY HENRY ("Henry") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 3.

4. At all relevant times, Defendant WARDEN RANDY PFISTER ("Pfister") served as acting warden of Pontiac Correctional Center and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 4.

5. At all relevant times, Defendant LT. KELLY DAVIDSON ("Davidson") served as a correctional lieutenant and as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: Defendant Davidson admits the allegations of Paragraph 5 of Plaintiff's Amended Complaint.

6. At all relevant times, Defendant LT. KRISTA SKEENS ("Skeens") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 6.

7. At all relevant times, Defendant TERESA ARROYO, R.N. ("Arroyo") served as a registered nurse and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 7.

8. At all relevant times, Defendant JIM GARLICK, PSY.D ("Garlick") acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 8.

9. At all relevant times, Defendant GUY D. PIERCE, JR ("Pierce") acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 9.

10. At all relevant times, Defendant LT. ALAN WINEMILLER ("Winemiller") served as a correctional lieutenant and acted under the color of law as an employee of the IDOC at the Pontiac Correctional Center.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 10.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts herein claims that arise under the Constitution and laws of the United States and other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

ANSWER: Defendant Davidson admits the allegations of Paragraph 11 of Plaintiff's Amended Complaint.

12. Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Central District of Illinois.

ANSWER: Defendant Davidson admits the allegations of Paragraph 12 of Plaintiff's Amended Complaint.

13. Upon information and belief, on or about October 27, 2014, Michael Bragg ("Bragg"), an inmate at Pontiac Correctional Center ("Pontiac"), confronted Henry in the cafeteria about his then cellmate being transferred out of their cell.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 13.

14. Bragg told Henry that he would kill the next inmate who was placed into his cell.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 14.

15. Other correctional officers heard this threat.

ANSWER: Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiff's Amended Complaint.

16. Other inmates heard this threat.

ANSWER: Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 16 of Plaintiff's Amended Complaint.

17. Henry understood this threat to be credible.

ANSWER: Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiff's Amended Complaint.

18. Prior to this threat, Bragg had convictions for, among other things, aggravated criminal sexual assault, aggravated battery, and possession of a weapon in a penal institution.

ANSWER: Defendant Davidson admits the allegations of Paragraph 18 of Plaintiff's Amended Complaint.

19. Bragg had also previously been disciplined for attacking other inmates.

ANSWER: Defendant Davidson admits the allegations of Paragraph 19 of Plaintiff's Amended Complaint.

20. Henry reported Bragg for making this threat.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 20.

21. On or about October 31, 2014, Bragg received a disciplinary hearing for making this threat.

ANSWER: Defendant Davidson admits the allegations of Paragraph 21 of Plaintiff's Amended Complaint.

22. Bragg pled guilty to making the threat.

ANSWER: Defendant Davidson admits the allegations of Paragraph 22 of Plaintiff's Amended Complaint.

23. Bragg was sentenced to be housed in Segregation for two months.

ANSWER: Defendant Davidson admits the allegations of Paragraph 23 of Plaintiff's Amended Complaint.

24. Skeens, Arroyo, Garlick, and Pierce assessed Bragg to determine whether he should be placed in a Segregation cell alone or with a cellmate.

ANSWER: The allegations of Paragraph 24 of Plaintiff's Amended Complaint are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

25. Pursuant to IDOC policy, this assessment included, or was supposed to include, considerations of the reason for being placed in Segregation, prior history of violence will cellmates, and prior IDOC discipline.

ANSWER: The allegations of this paragraph are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson admits the allegations of Paragraph 25.

26. Skeens, Arroyo, Garlick, and Pierce willfully, wantonly, and with reckless disregard for inmate safety, recommended that Bragg be housed with a cellmate in Segregation.

ANSWER: The allegations of Paragraph 26 of Plaintiff's Amended Complaint are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson lacks

sufficient information to admit or deny the allegations of Paragraph 26 of Plaintiff's Amended Complaint.

27. Pfister willfully, wantonly, and with reckless disregard for inmate safety, approved Bragg's recommendation to be housed with a cellmate in Segregation.

ANSWER: The allegations of Paragraph 27 of Plaintiff's Amended Complaint are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 27 of Plaintiff's Amended Complaint.

28. On or about December 1, 2014, Davidson willfully, wantonly, and with reckless disregard for Carrillo's safety, approved that Bragg be placed in a Segregation cell with Carrillo.

ANSWER: Defendant Davidson denies this allegation correctly states her duty, and denies that she breached any duty or standard of care owed for Carrillo's safety.

29. On or about December 5, 2014, Winemiller willfully, wantonly, and with reckless disregard for Carrillo's safety, approved keeping Bragg and Carrillo in a Segregation cell together.

ANSWER: The allegations of Paragraph 29 of Plaintiff's Amended Complaint are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30. Upon information and belief, Henry willfully, wantonly, and with reckless disregard for Carrillo's safety, failed to object to Bragg and Carrillo being placed in a cell together.

ANSWER: The allegations of Paragraph 30 of Plaintiff's Amended Complaint are not directed to this Defendant. To the extent a response is necessary, Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 30 of Plaintiff's Amended Complaint.

31. Carrillo was Bragg's first assigned cellmate after Bragg threatened to murder whomever was placed into his cell.

ANSWER: Defendant Davidson admits the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

32. About two weeks later, on or about December 16, 2014, Bragg brutally murdered Carrillo in their cell by tying him up, beating him about the head, and strangling him with an electrical cord.

ANSWER: Defendant Davidson admits the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

33. Bragg was charged with the first degree murder of Carrillo in Case No. 2015-CF-135 in Livingston County.

ANSWER: Defendant Davidson admits the allegations of Paragraph 33 of Plaintiff's Amended Complaint.

34. On or about March 28, 2016, Bragg pled guilty to first degree murder and was sentenced to sixty years in the Illinois Department of Corrections.

ANSWER: Defendant Davidson admits the allegations of Paragraph 34 of Plaintiff's Amended Complaint.

## COUNT I: Failure to Protect

35. Each of the foregoing paragraphs is incorporated as if restated fully herein.

ANSWER: Defendant Davidson adopts her answers to Paragraphs 1 – 34 as if fully restated in this count.

36. As described in the preceding paragraphs, on December 16, 2014, Bragg brutally murdered Carrillo in the cell they shared at Pontiac.

ANSWER: Defendant Davidson admits the allegations of Paragraph 36 of Plaintiff's Amended Complaint.

37. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller knew that Carrillo was at risk of being harmed by being placed in the cell with Bragg because Bragg openly threatened that he would kill his next cellmate.

ANSWER: Defendant Davidson denies the allegations of Paragraph 37 of Plaintiff's Amended Complaint.

38. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller were deliberately indifferent to the substantial risk that Bragg would attack, or even murder, Carrillo.

ANSWER: Defendant Davidson denies the allegations of Paragraph 38 of Plaintiff's Amended Complaint.

39. As a result of Defendants' conduct, Carrillo suffered injuries including, but not limited to, contusions and lacerations to his head, face, knees, and death by strangulation.

ANSWER: Defendant Davidson denies the allegations of Paragraph 39 of Plaintiff's Amended Complaint.

40. Defendants acted under color of law.

ANSWER: Defendant Davidson admits the allegations of Paragraph 40 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant KELLY DAVIDSON prays that this Honorable Court enter judgment in her favor and against Plaintiff ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased.

## COUNT II: Survival

41. Each of the foregoing paragraphs is incorporated as if restated fully herein.

ANSWER: Defendant Davidson adopts her answers to Paragraphs 1 – 40 as if fully restated in this count.

42. At all relevant times in Illinois there existed a Survival Act, statutorily set forth at 755 ILCS 5/27-6, et seq.

ANSWER: Objection: Paragraph 42 is an allegation of a legal conclusion. Without waiving said objection, the Survival Act is a public law of which the Court can take judicial notice.

43. As a direct and proximate result of Defendants' misconduct, Mr. Carrillo suffered injuries of a personal and pecuniary nature including, but not limited to, conscious pain and suffering, and would have been entitled to receive compensation from Defendants had he survived.

ANSWER: Defendant Davidson denies the allegations of Paragraph 43 of Plaintiff's Amended Complaint.

44. Further, Mr. Carrillo's estate was diminished by virtue of the funeral expenses incurred.

ANSWER: Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 44 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant KELLY DAVIDSON prays that this Honorable Court enter judgment in her favor and against Plaintiff ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased.

**COUNT III: Wrongful Death**

45. Each of the foregoing paragraphs is incorporated as if restated fully herein.

ANSWER: Defendant Davidson adopts her answers to Paragraphs 1 – 45 as if fully restated in this count.

46. At all relevant times in Illinois there existed a Wrongful Death Act, statutorily set forth at 740 ILCS 180/0.01, et seq.

ANSWER: Objection: Paragraph 46 is an allegation of a legal conclusion. Without waiving said objection, the Wrongful Death Act is a public law of which the Court can take judicial notice.

47. At all relevant times, as employees of the IDOC and Pontiac Correctional Center, Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller had a duty to protect inmates in their custody and care.

ANSWER: Defendant Davidson denies that Paragraph 47 accurately states her duty and denies that she breached any duty or standard of care owed to Plaintiff's decedent.

48. Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller willfully, wantonly, recklessly, and/or intentionally disregarded Carrillo's safety by allowing him to be placed in a cell with Bragg.

ANSWER: Defendant Davidson denies the allegations of Paragraph 48 of Plaintiff's Amended Complaint.

49. Carrillo's placement in a cell with Bragg was the direct and proximate cause of Carrillo's death at the hands of Bragg.

ANSWER: Defendant Davidson denies the allegations of Paragraph 49 of Plaintiff's Amended Complaint.

50. As a direct and proximate result of Carrillo's death, his next of kin have suffered great losses of a personal and pecuniary nature including the loss of companionship and society, as well as grief, sorrow, and mental suffering, subjecting Henry, Pfister, Davidson, Skeens, Arroyo, Garlick, Pierce, and Winemiller to liability pursuant to the Wrongful Death Act.

ANSWER: Defendant Davidson lacks sufficient information to admit or deny the allegations of Paragraph 50 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant KELLY DAVIDSON prays that this Honorable Court enter judgment in her favor and against Plaintiff ROSA MARIA CARRILLO, as Independent Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased.

## **AFFIRMATIVE DEFENSE**

As all times relevant herein, Defendant Davidson acted in good faith in the performance of her official duties and without violating the Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore, protected from suit by the doctrine of qualified immunity.

WHEREFORE, Defendant KELLY DAVIDSON prays that this Honorable Court enter judgment in her favor and against Plaintiff ROSA MARIA CARRILLO, as Independent

Administrator of the Estate of FABIAN CESAR CARRILLO, Deceased, and provide other relief deemed just and equitable.

DEFENDANT RESPECTFULLY REQUESTS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

KELLY DAVIDSON,

    Defendant,

| | |
|---|---|
| LISA MADIGAN, | By: s/ John Dodd |
| Attorney General of Illinois | John M. Dodd #6292712 |
| | Assistant Attorney General |
| | 1776 E. Washington St. |
| | Urbana, IL 61802 |
| | jdodd@atg.state.il.us |
| | (217) 278-3330 Phone |
| | (217) 278-3370 Fax |
| | Attorney for Defendants |

**CERTIFICATE OF SERVICE**

I certify that on <u>February 22, 2017</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca R. Kaiser
(rkaiser@hendersonparks.com)

and I certify that I have mailed by United States Postal Service, the document to the following CM/ECF non-participants: N/A

Respectfully submitted,

s/ John Dodd

John M. Dodd #6292712
Assistant Attorney General
1776 E. Washington St.
Urbana, IL 61802
jdodd@atg.state.il.us
(217) 278-3330 Phone
(217) 278-3370 Fax